# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COLLINS, | ) |
| Movant, | ) |
| vs. | ) |
| | ) Case No. 1:04CV00165ERW |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon *pro se* Movant Christopher Collins Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1], filed on November 26, 2004. The Government filed its Response [doc. #3] on January 19, 2005, requesting this Court deny Movant's motion without an evidentiary hearing.

## I. BACKGROUND FACTS

On July 29, 2003, Movant entered a guilty plea to a one-count indictment. The count charged the crime of distributing cocaine base, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1) (2000)[1] and punishable under 21 U.S.C. § 841(b)(1)(C) (2000)[2].

The Plea Agreement states that as charged in Count I, Movant knowingly and intentionally sold 2.94 grams of cocaine base to a cooperating individual on January 5, 2003. According to the

---

[1] 21 U.S.C. § 841(a)(1) states: "[I]t shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]"

[2] Under 21 U.S.C. § 841(b)(1)(C), a violation involving a schedule I or II controlled substance is punishable by imprisonment for up to twenty years.

1

plea agreement, Movant agreed to waive all rights to contest the conviction or sentence in any post conviction proceeding, including a motion under § 2255, but reserved the right to appeal on grounds of ineffective assistance of counsel at the time of sentencing.

The United States Probation Office prepared an initial Presentence Report after Petitioner pled guilty. The Report recommended a base offense level of 20 with a three level reduction for acceptance of responsibility. The Government filed objections to the Presentence Report, arguing that the Probation Officer in charge of preparing the report failed to consider Petitioner's relevant conduct. The Government argued that the base offense level should be set at 38 with a three level reduction for acceptance of responsibility. Prior to the sentencing hearing, the Government and Petitioner reached a compromise. During the sentencing hearing, both parties recommended that the base offense level should be set at 34 with a three level reduction for acceptance of responsibility. The final recommended offense level was 31, with a sentencing range of 135 to 168 months. Petitioner indicated that he understood and agreed to the recommendation setting the offense level at 31.

On November 19, 2003, Movant was sentenced to 135 months imprisonment.[3] No direct appeal was filed. The present Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody was filed in the Court on November 26, 2004,[4] alleging the following three

---

[3]The sentence imposed runs partially concurrently with a sentence which had been imposed in the Circuit Court of Jackson County on June 10, 2002. The aggregate term of both sentences is 145 months.

[4] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255. "[T]he one-year time limit for filling § 2255 motions is a statute of limitation and not a jurisdictional bar." *Moore v. United States of America*, 173 F.3d 1131, 1134 (8th Cir. 1999). "The limitation period shall run from . . . (1) the date on which the judgment of conviction becomes final". 28 U.S.C. § 2255 (1). Movant entered a guilty plea on July 28, 2003, and was

grounds for appeal[5]:

> **Ground One:** District Court Violated Rule 32 of Fed.R.Crim.P.
> **Ground Two:** Petitioner was Denied Effective Assistance of Counsel.
> **Ground Three**: Petitioner was Deprived of Liberty Without Due Process of Law.

The Court concludes that Movant's Motion can be conclusively determined based on the Motion, files and records in the case. Therefore, an evidentiary hearing for this Motion will not be conducted. *See Shaw v. United States,* 24 F.3d 1040,1043 (8th Cir. 2004). For the reasons set forth below, the Court concludes that each of the above Grounds is without merit. Accordingly, the Court will dismiss Movant's Motion under 28 U.S.C. § 2255 [doc. #1].

**II.     STANDARD OF REVIEW: RELIEF UNDER 28 U.S.C. § 2255**

A federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Accordingly, a § 2255 motion may be based upon violations of the Fifth and Sixth Amendments.

**III.    ANALYSIS**

**A. GROUND ONE**   District Court Violated Rule 32 of Fed.R.Crim.P.

Here, Movant claims various violations of Rule 32 of the Federal Rules of Criminal

---

sentenced on November 19, 2003.

[5] "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

3

Procedure, including violations of Rule 32(h) (2002),[6] 32(i)(3)(B),[7] and 32(j)(1)(B).[8] Also included under this Ground are violations of 18 U.S.C. § 3553(b) (2000)[9] and § 3553(c)(2),[10] and U.S.S.G. § 5G1.3 (2005).[11]

The first issue is whether Movant's waiver of rights in the plea bargain precludes him from making a collateral attack under § 2255. The Plea Agreement and Stipulation of Facts Relative to Sentencing reads as follows:

> in the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to: any issues relating to pre-trial motions, hearings and discovery; any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea, and whatever sentence is imposed; any issues relating to the establishment of the Total Offense Level or Criminal History Category determined by the Court . . . [t]he defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction

---

[6] Rule 32(h) reads: "Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure."

[7] Under Rule 32(i)(3)(B), a court at sentencing must rule on any disputed portion of the presentence report or determine that such a ruling is unnecessary because the matter will not affect or be considered in sentencing

[8] Rule 32(j)(1)(B) requires the court, after sentencing, to advise a defendant of his or her right to appeal that sentence.

[9] Under § 3553(b): "the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance..."

[10] Under § 3553(c)(2), a court must state the reasons for a sentence that falls outside the Guidelines range.

[11] According to § 5G1.3: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing.

Negotiated waivers of appellate rights and rights to pursue post-conviction relief have been upheld by the Eighth Circuit. *See, e.g., U.S. v. Killgo*, 397 F.3d 628, 629 n.2 (8th Cir. 2005); *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003); *United States v. Morrison*, 171 F.3d 567, 568 (8th Cir. 1999); *United States v. Michelsen*, 141 F.3d 867, 873 (8th Cir. 1998); *United States v. His Law*, 85 F.3d 379, 379 (8th Cir. 1996); *United States v. Rutan*, 956 F.2d 827 (8th Cir.1992) *overruled in part by Andis*, 333 F.3d at 892 n. 6. Waivers of collateral attack rights under § 2255 are similarly upheld. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir. 2000).

It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California*, 422 U.S. 806, 836 (1975) (right to counsel). Specifically, plea bargaining is not unconstitutional even though it waives important constitutional rights. *See, e.g., Newton v. Rumery*, 480 U.S. 386, 393 (1987); *Andis*, 333 F.3d at 889; *United States v. Bad Wound*, 203 F.3d 1072 (8th Cir. 2000).

The right to appeal is merely a statutory right, not a constitutional right. *Abney v. United States*, 431 U.S. 651, 656 (1977). If defendants can waive fundamental constitutional rights, they are not precluded from waiving procedural rights granted by statute. *Rutan*, 956 F.2d at 829 (citing *United States v. Wiggins*, 905 F.2d 51 (4th Cir. 1990)). Thus, a defendant may waive certain procedural appellate rights. Accordingly, a defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not then seek to appeal the very sentence which itself was part of the agreement. *Id*.

The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if the waiver is knowingly and voluntarily made, and the sentence imposed is in accordance with the negotiated agreement. *Rutan*, 956 F.2d at 829. However, such waivers are not absolute. For example, the Eighth Circuit has determined that defendants cannot waive their right to appeal an illegal sentence, which is a sentence imposed in violation of the terms of an agreement. *DeRoo*, 223 F.3d at 923. In addition, "the decision to be bound by the provisions of the plea agreement, including the waiver provisions, must be knowing and voluntary." *Id.* (citing *Morrison*, 171 F.3d at 568). Even when these conditions are met, however, a waiver will not be enforced where to do so would result in a miscarriage of justice. *Andis*, 333 F.3d at 890.

The Eighth Circuit has held that the illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception. *Id.* at 891. Any sentence imposed within the statutory range is not subject to appeal. Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver." *Id.* at 892. A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less then the permissible statutory penalty for the crime. *Id.* (citing *United States v. Greatwalker*, 285 F.3d 727, 729 (8th Cir. 2002)).

According to the Plea Agreement, Movant has clearly waived his right to attack his sentence for alleged Rule 32 violations. This sentence was imposed according to the Plea Agreement and was knowing and voluntarily made. Here, the Plea Agreement only had minimal terms (only that it should comply with U.S.S.G. § 2D1.1 and Movant should receive a three level reduction for acceptance of responsibility); it left the determination of the Guideline range and Offense Level to the Court. Because these basic requirements were met, the sentence was imposed in accordance to that

agreement.  Furthermore, the plea was made knowingly and voluntarily.  In the Agreement itself, Movant admitted that he made the plea "voluntarily" and no person had coerced or threatened him into pleading guilty (Plea Agreement p. 11).  Furthermore, he admitted that there were no promises or inducements made by the government regarding the plea (Plea Agreement p. 11).  At the Plea Hearing, he stated that he understood the terms of the Agreement and had an opportunity to discuss it with his attorney.  (Plea Tr. 11).  The Court found the plea to be knowingly and voluntarily made.  (Plea Tr. 19).  Finally, the illegal sentence exception does not apply because Movant's sentence of 135 months was under the statutory maximum of 20 years.

Furthermore, Movant lost his right to allege these Rule 32 violations when he did not directly appeal his sentence.  A § 2255 motion is not a substitute for direct appeal.  Instead, § 2255 motions are "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States,* 417 U.S. 333, 343 (1974). Petitioners may not obtain § 2255 relief for "unopposed errors to which no contemporaneous objection was made" unless they can show both cause and prejudice. . *United States v. Wilson,* 997 F. 2d 429, 431 (8th Cir. 1993) (internal citation omitted).  Here, Movant made no contemporaneous objection when the Court allegedly determined the Base Offense Level, declined to rule on the government's objection, failed to cite any evidence to support the sentence, and departed from the Guidelines range.  Moreover, Movant can show neither cause nor prejudice as to issues herein that should have been presented on direct appeal.  Therefore, Movant's waiver is valid and he cannot attack his sentence through a § 2255 motion.

Irrespective of this waiver, Movant's Rule 32 arguments fail on their merits.  Movant alleges that the Court: (1) did not give adequate notice under Rule 32(h) when it departed from the Guideline range, (2) violated § 3553(b) when it departed from the Guideline range by not finding any

7

aggravating circumstances, (3) violated Rule 32(i)(3)(B) by failing to rule on the government's objection to the Presentence Report, (4) violated Rule 32(j)(1)(B) by failing to notify Movant of his appellate rights, (5) violated § 3553(c)(2) for failing to state its reasons for imposing a sentence outside the Guideline range, and (6) violated § 5G1.3(c) by ordering his prior sentence be served consecutively.

Here, the Rule 32(h) notice requirement was not violated because there was no departure from the Sentencing Guidelines. Movant's sentence was 135 months, and this sentence is within the Guideline range for an Offense Level of 31 (135-168 months). Furthermore, this Offense Level was based upon stipulations made by the Movant. Movant misinterprets Rule 32(h), apparently believing that his ultimate sentence was a departure from the Offense Level recommended in the Presentence Report. However, the Presentence Report was contested by the parties and superceded by their subsequent agreement. Thus, Movant's Rule 32(h) argument fails. Accordingly, Movant's § 3553(b) argument also fails because there was no departure from the Sentencing Guidelines.

Similarly, Movant's § 3553(c)(2) argument that the Court failed to justify its departure from the Sentencing Guidelines also fails. As stated above, Movant was not sentenced outside the range provided by the Guidelines and therefore § 3553(c)(2) is inapplicable.

Furthermore, the Court did not violate 32(i)(3)(B) by declining to rule on the government's objection at the Presentence Hearing. Such a ruling became unnecessary to determine Movant's sentence after the parties stipulated to the relevant conduct. Movant's argument that the Court failed to notify him of his Rule 32(j)(1)(B) right to appeal is also without merit. At the Sentencing Hearing, the Court told Movant that his notice of appeal must be filed within ten days. (Sent. Tr. 13).

Finally, Movant argues that his prior sentence, for which he was serving probation when he

8

committed the crime in question, should have been a concurrent instead of a consecutive sentence under U.S.S.G. § 5G1.3 (2005). He cites Note 3, which states that under § 5G1.3(c), a consecutive sentence is recommended when Movant's probation is rejected. Here, Movant's probation has not yet been revoked, so he argues that he should have received a concurrent sentence. However, there is no negative implication to Note 3, recommending that when probation has not been revoked there should be a concurrent sentence. Instead, under § 5G1.3(c), the Court has discretion as to what type of sentence to impose. *United States v. Meyers*, 401 F.3d 959, 962 (8th Cir. 2005) (citing U.S.S.G. § 5G1.3(c)). Here, the Court gave only a minimum concurrent sentence, after carefully weighing the need for incremental punishment and Movant's family and employment history. (Sent. Tr. 10-11). Therefore, Movant's § 5G1.3 argument fails. For these reasons, Ground One is denied.

**B. GROUND TWO** Petitioner was Denied Effective Assistance of Counsel.

Here, the waiver clearly allows Movant to make an ineffective assistance of counsel claim in a § 2255 motion for defects at the time of sentencing. However, because a guilty plea has been entered, the focus of a collateral attack under § 2255 is limited to the nature of counsel's advice and the voluntariness of the plea. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)). Therefore, it is appropriate to address the merits of Movant's § 2255 motion.

As stated above, a § 2255 motion may be based upon a violation of the Sixth Amendment right to effective assistance of counsel. The United States Supreme Court has held that a showing of ineffective assistance of counsel requires that: 1) counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; and 2) "counsel's deficient performance prejudiced the defense." *Strickland v.*

9

*Washington*, 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). The test articulated in *Strickland* applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To prove the first prong of the test, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. When evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Even if sufficient proof of the first prong exists, relief may only be obtained if a petitioner also proves that counsel's deficient performance prejudiced the case. *Id.* at 697. In order to satisfy the second prong, i.e., the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The court may address the two prongs in any order, and if the petitioner fails to make a sufficient showing of one prong, the court need not address the other prong. *Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (holding that "[i]f we can answer 'no' to either question, then we need not address the other part of the test.").

Movant asserts that he received ineffective assistance of counsel because his attorney: (1) failed to request an evidentiary hearing at the sentencing stage to determine whether Movant was responsible for the amount of cocaine base attributed to him, (2) failed to object to the inadequate proof used to raise Movant's Base Offense Level from 20 to 34, (3) failed to make Movant's Rule 32 arguments, (4) failed to address Movant's § 3553(b) arguments, (5) failed to assess the credibility

of the government's evidence, which was insufficient under U.S.S.G. § 6A1.3(a),[12] and (6) failed to file a direct appeal.

Movant's first argument fails because he agreed to the Base Offense Level, Total Offense Level, and Guideline range. Given this agreement, no evidentiary hearing was necessary. For this same reason, Movant's second argument also fails. Movant's third argument is without merit because, as stated above, Movant had no plausible Rule 32 arguments. Movant's fourth argument also fails because, as stated above, he had no plausible § 3553(b) arguments. Finally, Movant's fifth argument is meritless because § 6A1.3(a) requires that a factor in sentencing be reasonably in dispute. Because Movant had agreed to the application of the Guidelines, there was no such dispute. Furthermore, Movant does not specify which aspects of the government's evidence should be called into question under § 6A1.3(a). Such a bald allegation cannot overcome the presumption of reasonableness given to an attorney's conduct. Finally, Movant's sixth argument fails because he had waived his right to appeal. As stated above, he made this waiver knowingly and voluntarily. Additionally, all arguments Movant could have made on appeal lack merit.

Because the first *Strickland* prong was not met, it is not necessary for the Court to address the second. Thus, Ground Two is denied.

**C. GROUND THREE** Petitioner was Deprived of Liberty Without Due Process of Law.

Here, Movant argues that he was denied due process of law because (1) the Court relied on

---

[12] U.S.S.G. § 6A1.3(a) reads: "When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."

11

unreliable hearsay evidence, (2) it ignored Rule 32(h), and (3) he received ineffective assistance of counsel.

As stated above, this constitutional challenge is not valid because Movant waived his right of appeal. As stated in Ground One, this waiver is valid because it was knowingly and voluntarily made, and the sentence was imposed in accordance with the negotiated agreement. *Rutan*, 956 F.2d at 829. Finally, Movant can show neither cause nor prejudice to overcome this lack of objection. Additionally, this Ground merely reframes the arguments Petitioner made in his earlier grounds for relief. Since the merits of these arguments have already been addressed by the Court, they do not need to be addressed again. Therefore, Movant's Fifth Amendment argument is without merit, and Ground Three is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Christopher Collins' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion.

Dated this 3rd day of November, 2005.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE